IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID WAYNE MCWHERTER #267382 | § | |
| VS. | § | CIVIL ACTION NO. 6:13cv591 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner David Wayne McWherter, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus challenging his one of his two 1976 convictions for aggravated robbery. The petition was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be dismissed as time-barred pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The Petitioner filed an objection to the Report and Recommendation was issued. Petitioner states that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not apply to issues of excessive confinement, but rather, only to habeas petitions challenging the validity of the holding conviction. *See* Petitioner's Response at 2. Petitioner offers no legal authority for his argument.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). The statute of limitations applies to all habeas petitions filed. There is no exception provided for those petitions addressing excessive confinement. *See* 28 U.S.C. § 2244(d)(1).

Petitioner was convicted and sentenced well before the AEDPA was enacted. In cases where the limitation period expired before AEDPA's enactment, the petitioner is provided with a reasonable time in which to file a federal habeas petition. *United States v. Flores*, 135 F.3d 1000,

1

1005 (5th Cir.1998); *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). The Fifth Circuit held that a reasonable time is a one-year period to begin on April 24, 1996, the date of the enactment of AEDPA. *See Flores*, 135 F.3d at 1006; *Flanagan*, 154 F.3d at 200. The Fifth Circuit also held that the tolling provision contained in 28 U.S.C. § 2244(d)(2) applies to the reasonable time grace period. *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

Applying that rule in this case indicates that the one-year grace period would have closed on April 24, 1997. *See Flanagan*, 154 F.3d at 202 (Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the limitations period). Petitioner's state application for writ of habeas corpus related to the time credited to this conviction did not toll the limitations period because it was filed after April 24, 1997. *See* SHCR–06 13; *see* also *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). Therefore, Petitioner's federal petition was due by April 24, 1997. Accordingly, his federal petition, filed on August 9, 2013, was over sixteen years and three months too late.

AEDPA is not a jurisdictional bar, and the statute of limitations can be equitably tolled in certain extraordinary circumstances. *See Holland v. Florida*, 560 U.S. 631, 648 (2010). A habeas petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance existed and prevented timely filing. *Holland*, 560 U.S. at 648; see also *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner's case does not present the necessary "rare and exceptional circumstances" to merit such tolling. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

Here, Petitioner was not active in challenging the time credited to his sentence for over thirty-four years from his judgment of conviction and over eighteen years from the date he claims his sentence should have expired, until he filed his state application for writ of habeas corpus. It cannot be said that Petitioner was diligent in pursuing relief. The Petitioner has not shown that he is entitled to equitable tolling.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 1st day of September, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE